

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*     *United States Courthouse, Suite 9200*
                                      *1 Courthouse Way*
                                      *Boston, Massachusetts  02210*

22 April 2005

Michael J. Liston, Esq.
Carr & Liston
294 Washington Street
Boston, MA 02108

John E. Wall, Esq.
One Commercial Wharf West
Boston, MA 02110

Barry P. Wilson, Esq.
240 Commercial Street
Suite 5A
Boston, MA 02109

          Re:  United States v. Omar Gonzalez et al.
               Criminal No. 05-10075-MLW

Dear Counsel:

     Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

     a.   Written Statements

     Enclosed are the following relevant written statements made by the defendants in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

    Statement of Rights, Omar Gonzalez, 2/25/05 (1 page)
    Declarcion De Derechos, Juan Rodriguez, 2/25/05 (1 page)

    b.    <u>Recorded Statements</u>

Consensual audio recordings were made of telephone conversations involving Omar Gonzalez and a person known only as "Chato" LNU on 2/25/05. A copy of the audio tape of those telephone conversations is enclosed herein.

A consensual audio recording was made of a personal meeting between Omar Gonzalez and Rafael Gonzalez on 2/25/05 athe Holiday Inn on 225 McClellan Highway in Boston, MA. A copy of the audio recording, in the form of a CD, is enclosed herein.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

Report of Investigation 001, Seizure of Heroin / Cocaine, Arrest of 3 Individuals (6 pages)

Report of Investigation 002, Discovery of Heroin in Seized Drug Load (3 pages)

Report of Investigation 003, Interview of Juan Jose Rodriguez (5 pages)

Handwritten Notes of S/A Ryan Arnold, Interview of Omar Gonzalez, 2/25/05 (4 pages)

Handwritten Notes of Lt Thomas Coffey, Massachusetts State Police, Information obtained from Omar Gonzalez (1 page)

Handwritten Notes of S/A Brenda Navano, Interview of Juan Rodriguez (1 page)

Handwritten notes of S/A Kristen Rosenbeck, Interview of Juan Rodriguez (3 pages)

Handwritten Notes of S/A Mark Annotti, Statement of Rafael Rodriguez (1 page)

2.   Defendant's Prior Record under Rule 16 (a)(1)(B)

Enclosed is a copy of each defendant's prior criminal record.

3.   Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

In addition, enclosed please find copies of the following materials:

1 Compact Disk (CD) containing photographs related to these cases

Superseding Indictment, dated 4/13/05

Immigration and Deportation Documents pertaining to Rafael Gonzalez, including

    INS Notice to Applicant, 4/17/94 (1 page)
    INS Charging Document, 4/17/94 (2 pages)
    Forensic Report Regarding Fake Passport, 4/21/94 (1 page)
    Notice to Alien Ordered Excluded, 5/11/94 (1 page)
    FBI Fingerprint Report, 3/21/05, and Fingerprint Cards
    (4 pages)
    Memorandum of Decision and Order Regarding Deportation,
    5/6/94 (1 page)

4.   Reports of Examinations and Tests under Rule 16 (a)(1)(D)

Enclosed is a copy of the DEA Drug Analyses and Chain of Custody forms (8 pages).

B.   Search Materials under Local Rule 116.1(C)(1)(b)

Search warrants have been obtained for the various cellular telephones seized from the defendants in this case. A copy of the search warrants, applications, and affidavit submitted in support of applications for the warrants are enclosed. A copy of the return will be forwarded to counsel of record upon receipt by

the undersigned prosecutor.

C.  Electronic Surveillance under Local Rule 116.1(C)(1)(c)

Except as described above concerning consensual recordings, no oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.  Consensual Interceptions under Local Rule 116.1(C)(1)(d)

See 1 b. above.  The conversations on these tape recordings are primarily in Spanish.

E.  Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

The names of known unindicted coconspirators as to the conspiracies charged in Counts One and Four of the indictment are set forth in a separate letter, dated 4/22/05, to defense counsel filed under seal with the court.

F.  Identifications under Local Rule 116.1(C)(1)(f)

I have no information at this time indicating that the defendants were the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.  In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.  Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.  The government is unaware of any information that would tend directly to negate the defendants' guilt concerning any count in the indictment.

2.  The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

     3.   No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief at this time, except that ICE agents did inform Omar Gonzalez after his arrest that his cooperation on 2/25/05 would be brought to the attention of prosecutors in the U.S. Attorney's Office.  At this time, a plea agreement between Omar Gonzalez and the U.S. Attorney's Office has not been executed.  However, should any agreement between this office and Omar Gonzalez be entered into, the prosecution will forward a copy of the agreement to counsel of record pursuant to its ongoing discovery obligations under the Local Rules and the Federal Rules of Criminal Procedure.

     4.   With the exception of Omar Gonzalez, whose criminal record is enclosed herein, the government is unaware that any of its named case-in-chief witnesses have any criminal record.

     5.   The government is unaware that any of its named case-in-chief witnesses have any criminal cases pending.

     6.   No named percipient witness has failed to make a positive identification of the defendants with respect to the crimes at issue.

H.   <u>Other Matters</u>

     The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

     The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

     Please call the undersigned Assistant U.S. Attorney at 617-748-3644 if you have any questions.  Also, please not that I will be on trial from May 2, 2005, through approximately May 20, 2005, and checking my voice mail infrequently during this time frame.  If there is a matter requiring immediate attention, please call

my supervisor, Michael Pelgro, at 617-748-3246.

                                Very truly yours,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                    By:

                                <u>/s/ William F. Bloomer</u>
                                WILLIAM F. BLOOMER
                                Assistant U.S. Attorney