UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR: 05-10075-MLW |
| | ) | |
| OMAR GONZALEZ | ) | |

**OMAR GONZALEZ' OPPOSITION TO GOVERNMENT'S MOTION TO CORRECT SENTENCE**

Omar Gonzalez opposes the Government's motion. The Court held an extensive sentencing hearing, and reached a sentence after appropriately considering the various statutory factors set forth in 18 USC § 3553(a). The sentence imposed was appropriate and not longer than necessary to meet the 18 USC § 3553(a) goals of sentencing. The sentence was reasonable.

The Court has no jurisdiction to change a sentence under Fed. R. Crim. P. 35(a) unless the Court imposes a new sentence within seven days of imposition of the original sentence. Here, sentence was imposed on May 23, 2006.

The filing of a motion does not keep the seven-day window open. United States v. Shank, 395 F.3d 466, 468 (4th Cir. 2005). The seven days begins to run at the oral pronouncement of the sentence. United States v. Morrison, 204 F.3d 1091, 1093 (11th Cir. 2000); United States v. Aguirre, 214 F.3d 1122, 1125-26 (9th Cir. 2000); United

States v. Gonzalez, 163 F.3d 255, 264 (5th Cir. 1998); United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997); United States v. Abreu-Cabrera, 64 F.3d 67, 73 (2d Cir. 1995); United States v. Townsend, 33 F.3d 1230, 1231 (10th Cir. 1994). If the Court does not impose a new sentence within seven days, the original sentence remains in force. United States v. Barragan-Mendoza, 174 F.3d 1024, 1030 (9th Cir. 1999). Nothing in United States v. Goldman, 41 F.3d 785 (1st Cir. 1994) cited by the Government is to the contrary as the sentence there was corrected within the seven day window.

Omar Gonzalez has the right to be present at imposition of a new sentence, especially if the new sentence is more onerous. United States v. Erwin, 277 F.3d 727, 731 (5th Cir. 2001).

The Government did not file its Motion To Correct Sentence until after normal business hours at 5:19PM on May 30, 2006. This mirrors the Government's tardy and begrudging recognition of the Mr. Gonzalez' substantial assistance, which, according to Court order should have been filed well before the sentencing date of May 23, 2006.  In fact it was not  filed until the eve of the sentencing and neither Mr. Gonzalez nor his lawyer learned of the government's actual recommendation of 60 months until just minutes before this Court took the bench for the Sentencing Hearing on May 23, 2006.

As reflected in the attached July 25, 2005 letter and draft plea agreement from the Government[1] [Exhibit A], the Government represented and led counsel and Mr. Gonzalez to believe that the Government would permit a sentence below the statutory mandatory minimum if the Government decided to file a USSG 5K1.1 motion. In the cover letter, AUSA Bloomer indicated that the U.S. Attorney would not "make any determination

---

[1]     While the Government acted through AUSAs Bloomer and Richardson, no personal criticism of either is intended.

2

relative to your client under § 5K1.1 or 18 USC § 3553 absent a signed plea agreement. As you know, <u>the prescribed mandatory minimums in this case (not less than 5 years) do not apply in the event he is safety valve eligible or qualifies for a 5K reduction</u>." (emphasis added).

Based on that representation and promise, plea negotiations continued culminating in a plea agreement and a change of plea. The Government did not expressly reserve the right to file under USSG 5K1.1 but not 18 USC § 3553(e), as apparently is the practice elsewhere. See, e.g., <u>In re Sealed Case</u>, 2006 U.S. App. LEXIS 12595 (D.C. Cir. No. 04-3015, May 23, 2006).

The decision to give only half-a-loaf and to insist on a mandatory minimum even though the Government had determined that Mr. Gonzalez "qualifies for a 5K reduction" apparently was made by the Government only much later, and was conveyed to the Court and counsel and Mr. Gonzalez even later still. That was in breach of the letter and spirit of the plea agreement.

The Supreme Court declined to consider breach-of-contract principles of ambiguities in the plea agreement in <u>Melendez v. United States</u>, 518 U.S. 120, 125 n. 2 (1996). The First Circuit also has avoided deciding a similar issue because the Government ultimately did assent to a sentence below the statutory mandatory minimum.

> Cruz says that the government promised that if substantial assistance were provided, it would move "under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 . . . ." In the end, the government moved under the guideline provision but did not explicitly mention section 3553(e), which would have permitted a departure below the statutory minimum. The government says that it is not obliged to move under both provisions, although given the language of the plea agreement this point is at least debatable; but it also asserts without disagreement from Cruz that the mandatory minimum sentence was ten years. See 21 U.S.C. § 841(b)(1)(A)(ii). This issue was not raised in the district court, but waiver and standard of review are beside the point because there is no indication that the

3

>failure to seek a departure under section 3553(e) had any effect on the sentence adverse to Cruz.

United States v. Cruz, 213 F.3d 1, 3-4 (1st Cir. 2000)

>Those contract-based principles can and should be considered here.
>
>Cases involving plea agreements allegedly breached by the government present two separate issues for our consideration, one factual, the other legal. First, there are the factual questions of what the terms of the agreement are and what the government's conduct was. See, e.g., Giorgi, 840 F.2d at 1028-29 (looking to reasonable expectations of parties to determine whether ambiguous plea agreement foreclosing prosecution for "any criminal acts related to thefts or hijackings of vans" barred later prosecution for arson or mail fraud) (emphasis eliminated); accord Bemis v. United States, 30 F.3d 220, 223 (1st Cir. 1994) (remanding to district court to make factual finding whether government promised as part of plea agreement to secure defendant's entry into witness protection program). If disputed, these factual questions are to be resolved by the district court, and we will review the district [**6] court's determinations only for clear error. See Giorgi, 840 F.2d at 1028. Second, there is the legal question of whether the government's conduct breached the plea agreement. See, e.g., Atwood, 963 F.2d at 479 (government did not breach plea agreement requiring it to offer its views on defendant's cooperation at defendant's request when defendant did not so request). Because whether the government's conduct constituted a breach is a question of law, our review is plenary. Id. at 478.

United States v. Clark, 55 F.3d 9, 11 (1st Cir. 1995)

While Mr. Gonzalez submits that there was an express promise made that he could get a sentence below the statutory mandatory minimum in the Government determined he qualified for 5K reduction, any ambiguity should be resolved in his favor, not only because the Government wrote the words in question but also because the Government is the Government.

>[B]oth constitutional and supervisory concerns require holding the Government to a greater degree of responsibility than the defendant (or possibly than would be either of the parties to commercial contracts) for imprecisions or ambiguities in plea agreements. See, e.g., United States v. Bowler, 585 F.2d 851, 854 (7th Cir. 1978) (plea agreement not appropriate context for "rigidly literal" construction of language); Palermo v. Warden, 545 F.2d 286, 295 (2d Cir. 1976) (government invocation of restrictive contract principles "disingenuous"); United States v. Crusco, 536 F.2d 21, 26 (3d Cir. 1976) (government's "strict and narrow

4

interpretation of its commitment . . . untenable"); Correale v. United States, 479 F.2d 944, 947 (1st Cir. 1973) (government held to "meticulous standards of both promise and performance"). This is particularly appropriate where, as will usually be the case, the Government has proffered the terms or prepared a written agreement -- for the same reasons that dictate that approach in interpreting private contracts. See generally Restatement (Second) of Contracts § 206 (1981)..

United States v. Harvey, 791 F.2d 294, 300-301 (4th Cir. 1986)

We review a district court's factual findings concerning a plea agreement only for clear error, but "whether [undisputed] conduct constituted a breach of the plea agreement is a question of law subject to plenary review," United States v. Doe, 233 F.3d 642, 643-44 (lst Cir. 2000); see also United States v. Frazier, 340 F.3d 5, 9-10 (lst Cir. 2003).

United States v. Cruz-Mercado, 360 F.3d 30, 37 (1st Cir. 2004)

In determining whether the government has breached a plea agreement, "we are guided . . . by general principles of contract law." Clark, 55 F.3d at 12; see United States v. Gonzalez-Sanchez, 825 F.2d 572, 578 (1st Cir. 1987) ("Contractual principles apply insofar as they are relevant in determining what the government 'owes' the defendant."). As explained above, however, "[a] plea agreement is not an appropriate context for the Government to resort to a rigidly literal approach in the construction of language." United States v. Garcia, 698 F.2d 31, 37 (1st Cir. 1983) (quoting United States v. Bowler, 585 F.2d 851, 854 (7th Cir. 1978)). "Likewise, as in all contracts, plea agreements are accompanied by an implied obligation of good faith and fair dealing." United States v. Ahn, 343 U.S. App. D.C. 392, 231 F.3d 26, 35-36 (D.C. Cir. 2000) (internal quotation marks omitted). Moreover, pursuant to contract law, even an unintended breach is, nevertheless, still a breach. See United States v. Mercedes-Amparo, 980 F.2d 17, 19 n.3 (1st Cir. 1992) (stating that the fact that "breach was inadvertent . . . does not lessen its impact") (quoting Santobello, 404 U.S. at 262).

United States v. Frazier, 340 F.3d 5, 11 (1st Cir. 2003)

Having led Mr. Gonzalez to believe that he could be sentenced below the mandatory minimum if the Government decided to file at motion under USSG § 5K1.1 and induced him to sign a plea agreement and to change his plea on that basis, the Government should not be permitted to do an about-face.

As noted above, Melendez v. United States, 518 U.S. 120 (1996) was not decided on contract principles. Moreover, it ought to be re-examined in light of Booker. As noted

in the majority opinion in Melendez an express reference to § 3553(e) is not necessarily required before a court may depart below the statutory minimum. Id at 126 n.5  Justice Stevens concurred on the basis that "the Sentencing Commission intended § 5K1.1 to create a unitary motion system under which any request for a departure below the Guideline range based on substantial assistance would also authorize a departure below the statutory minimum. " Id at 132. According to Justice Breyer, "Congress delegated to the Commission broad authority to determine when sentencing courts may reward substantial assistance with a reduced sentence. See 28 U.S.C. § 994(n).  The Commission's exercise of delegated authority is normally lawful as long as it is reasonable." Id at 135-136.

Moreover, as this Court is aware, the Government in this District has been especially stingy in recognizing substantial assistance, moving in only 12% of all cases, compared with a national average of 24% of all cases. Letter from Honorable Mark L. Wolf to Honorable Paul G. Cassell and attached Report on Post-Booker Sentencing in the United States District Court for the District of Massachusetts, March 22, 2006, at http://sentencing.typepad.com/sentencing_law_andpolicy/files/cassell_supplemental_house_booker_testimoney.pdf .


Especially given those statistics, the Government's motion here, which acknowledged Mr. Gonzalez' substantial assistance, should permit a Court to impose a below-minimum-mandatory sentence even if the Government did not specifically invoke 18 USC § 3553(e) for substantial assistance. There is no difference between substantial assistance for purposes of USSG § 5K1.1 and substantial assistance for purposes of 18

6

USC § 3553(e). USSG § 5K1.1 lists five factors for consideration as to the extent of departure. Especially in the now-advisory Guideline system, a sentencing Judge ought to be able to fully consider these five factors and other matters relating to substantial assistance once the Government has acknowledged it, in fashioning a sentence.

If the Court is considering acting, the Defendant requests an evidentiary hearing at which to explore the policy and practices of the United States Attorney in making decisions as to USSG § 5K1.1 and/or 18 USC § 3553(e) motions and how they effected the instant case. Such decisions may not be made based on improper considerations. Wade v. United States, 504 U.S. 181, 185 (1992).

                                            Respectfully submitted,
                                            Omar Gonzalez
                                            By his attorney,

                                            ____/s/____John Wall
                                            John Wall
                                            BBO # 513300
                                            One Commercial Wharf West
                                            Boston, MA 02110
                                            (Tel):  617 742-7996
                                            (Fax): 617 742-8604

Dated: Thursday, June 01, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on Thursday, June 01, 2006

                            ___/s/JohnWall___
                                John Wall



**U.S. Department of Justice**
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

28 July 2005

John Wall, Esq.
One Commercial Wharf West
Boston, MA 02110

    Re: United States v. Omar Gonzalez
        <u>Criminal No. 05-10075-MLW</u>

Dear John:

    Enclosed please find a draft, proposed plea agreement for Omar Gonzalez, dated July 28, 2005.

    Please review the draft plea agreement with your client. It has <u>not</u> been approved by the U.S. Attorney. If it is acceptable to your client, or if he has any proposed changes, please call me at the telephone number below. I will not bring the proposed plea to the U.S. Attorney for approval absent a commitment on Mr. Gonzalez's part, nor will this office make any determination relative to your client under § 5K1.1 or 18 U.S.C. § 3553 absent a signed plea agreement. As you know, the prescribed mandatory minimums in this case (not less than 5 years) do not apply in the event he is safety valve eligible or qualifies for a 5K reduction.

    I will be out of the office on vacation from August 2, 2005 through August 12, 2005. If you have any questions, please feel free to contact me at the number below either when I return or by letter, and I will be happy to discuss any matter with you. I look forward to hearing from you in the



RECEIVED
JUL 29 2005
LAW OFFICE OF
JOHN WALL

near future.

                                          Very truly yours,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                             By: _____
                                          WILLIAM F. BLOOMER
                                          Assistant U.S. Attorney
                                          (617) 748-3644



# DRAFT

**U.S. Department of Justice**

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

28 July 2005

John Wall, Esq.
One Commercial Wharf West
Boston, MA 02110

Re: United States v. Omar Gonzalez
    Criminal No. 05-10075-MLW

Dear Mr. Wall:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Omar Gonzalez, ("Defendant"), in the above-captioned case. The Agreement is as follows:

   1.   **Change of Plea**

   At the earliest practicable date, Defendant shall plead guilty to Indictment: 05-10075-MLW, charging the Defendant with conspiracy to import heroin and cocaine in violation of 21 U.S.C. §963; illegal importation of cocaine in violation of 21 U.S.C. § 952(a); illegal importation of heroin in violation of 21 U.S.C. § 952(a); and aiding and abetting in violation of 18 U.S.C. § 2. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in the above Indictment, and is in fact guilty of that offense.

   2.   **Penalties**

   Defendant faces the following minimum mandatory and maximum penalties:

   Counts One Two, and Three: For each count, a maximum term of imprisonment of forty years and a minimum mandatory term of five



RECEIVED
JUL 29 2005
LAW OFFICE OF
JOHN WALL

DRAFT

years; a term of supervised release of at least four years and up to life; a fine of not more than $2,000,000; and a special assessment of $100.

3. Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines (U.S.S.G.) promulgated thereunder, as modified by United States v. Booker, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

Base Offense Level

The parties agree to take the position that Defendant is responsible for at least 500 grams but less than 2.0 kilograms of cocaine, and at least 700 grams but less than 1.0 kilogram of heroin, and that his Base Offense Level is 32 pursuant to the Drug Equivalency Tables in U.S.S.G §2D1.1.

Role Adjustment

The parties agree to dispute Defendant's role in the offense under §3B1.2 of the United States Sentencing Guidelines. The U.S. Attorney will take the position that Defendant should not receive an enhancement or a reduction based on his role in the offense conduct. The Defendant will take the position that he is entitled to a two-level decrease in the offense level under §3B1.2(b).

Safety Valve Adjustment

Defendant will take the position that the Court should apply §5C1.2 of the Sentencing Guidelines and 18 U.S.C. §3553(f) and impose a sentence without regard to the statutory minimum-mandatory sentence that is otherwise applicable in this case. Defendant also will take the position that, pursuant to §2D1.1(b)(7) of the Sentencing Guidelines, his offense level

2