UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CR: 05-10075-MLW |
| OMAR GONZALEZ | ) ) ) | |

**OMAR GONZALEZ'S OBJECTIONS TO THE GOVERNMENT'S LATEST MOTION TO CORRECT SENTENCE AND REQUEST FOR EVIDENTIARY HEARING**

If the Court is considering entering judgment as requested by the Government today on 09/07/06 (docket #126), Mr. Gonzalez reminds the Court of several outstanding matters that should be resolved to complete the record at this time.

Mr. Gonzalez in his original opposition dated 06/01/06 (docket #s 121-1, 121-2, 122-1, 122-2 and concluded on 122) with exhibits including a cover letter as well as the actual plea agreement in question, in response to the Government's Rule 35 motion filed on 05/30/06, (docket #120 ). Mr. Gonzalez had argued that breach-of-contract principles should permit a less than mandatory minimum sentence because the Government's July 25, 2005 cover letter and draft plea agreement represented and led counsel and Mr. Gonzalez to believe that the Government would permit a sentence below the statutory mandatory minimum if the Government decided to file a USSG 5K1.1 motion. ("As you know, the prescribed mandatory minimums in this case (not less than 5 years) do not apply in the event he is safety valve eligible or qualifies for a 5K reduction." (emphasis added). Even if this quoted cover letter statement is found not to be an express promise, it was at least an ambiguity which ought to be construed against the Government. By its eleventh hour decision to give only half a loaf, the Government breached its plea agreement. Those arguments can and should be resolved.

Mr. Gonzalez also sought in the same filing an evidentiary hearing to explore why the United States Attorney for this District has been especially stingy in recognizing substantial assistance, moving in only 12% of all cases, compared with a national average of 24% of all cases: <u>Letter from Honorable Mark L. Wolf to Honorable Paul G. Cassell and attached Report on Post-Booker Sentencing in the United States District Court for the District of Massachusetts, March 22, 2006.</u>

If this matter is to be appealed, it ought to be appealed on a record which has been completed on these critical issues.

And as noted in Mr. Gonzalez's seven page opposition to the government's original motion to correct sentence, he has a right to be present at any imposition of a new sentence, especially if the new sentence is more onerous.
<u>United States v Erwin</u>, 277 F3d, 727, 731 (5th Cir 2001).

                                                                            Respectfully submitted,
Omar Gonzalez
By his attorney,
    /s/   John Wall
John Wall
BBO # 513300
One Commercial Wharf West
Boston, MA 02110
(Tel):  617 742-7996
Dated: Thursday, September 7, 2006    (Fax): 617 742-8604

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on Thursday, September 7, 2006

   /s/  John Wall
John Wall

2