UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____
                                  )
UNITED STATES OF AMERICA    )
                                  )
v.                                  ) CR: 05-10075-MLW
                                  )
OMAR GONZALEZ              )
_____)

## OMAR GONZALEZ'S MOTION FOR RELEASE FROM CUSTODY

1. Omar Gonzalez moves for release from custody pending appeal. This court retains jurisdiction or this purpose.

> If an appeal were to divest the district court of authority to supervise the conditions of the convicted defendant's release, then there would be no such supervision at all. This cannot be the intention of Congress. See United States v. Turkette, 452 U.S. 576, 580 (1981) ("absurd results are to be avoided"). Although there is apparently no case directly on point, two of our sister circuits have found that the district court retains jurisdiction under similar circumstances. See United States v. Phelps, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002) (holding in case of insanity acquittee that district court retained jurisdiction to monitor and modify conditions of release under 18 U.S.C. § 4243(f), despite pending appeal, where statute allowed court to modify conditions at any later time); United States v. Meyers, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996) (district court retains jurisdiction to rule on motion for bail pending appeal). Both we and the Eighth Circuit have made clear that he district court does not lose all jurisdiction upon appeal. United States v. Hurley, 63 F.3d 1, 23-24 (1st Cir. 1995) (pointing out that divestiture rule is not absolute and holding that district court retains jurisdiction to modify restitution order); United States v. Vanhorn, 296 F.3d 713, 721 (8th Cir. 2002) (district court retains jurisdiction to modify restitution order).

United States v. D'Amario, 412 F.3d 253, 255 (1st Cir. 2005).

2.  Release would be proper under 18 USC § 3142 because – absent the Government's appeal Mr. Gonzalez would be eligible for release. The standards of post-conviction bail under 18 USC § 3143 should NOT apply because he already has been sentenced and served the sentence imposed.  Nor should any presumption of detention apply because Mr. Gonzalez has served the sentence imposed on the offense which may have been the basis for a presumption.

WHEREFOR, a hearing is requested as soon as practicable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Omar Gonzalez |
|  | By his attorney, |
|  | /s/ John Wall |
|  | John Wall |
|  | BBO # 513300 |
|  | One Commercial Wharf West |
|  | Boston, MA 02110 |
|  | (Tel): 617 742-7096 |
| Dated: August 5, 2007 | (Fax): 617 742-8604 |

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

    /s/ John Wall    
      John Wall