UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-10075-MLW |
| | ) |
| OMAR GONZALEZ | ) |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY AND RENEWED MOTION FOR DISCOVERY AND AN EVIDENTIARY HEARING

The government respectfully submits this response to defendant's motion for release from custody and defendant's further renewed motion for discovery and an evidentiary hearing.

First, the defendant's motion for release from custody is premised on a misconception. The defendant appears to be of the belief that the government's filing of a protective notice of appeal will serve to keep him confined beyond his release from custody on the sentence imposed by this Court. But the government has not moved that the defendant be so detained pursuant to either 18 U.S.C. § 3142 or 18 U.S.C. § 3143, and the mere filing of a notice of appeal does not serve to animate either of those provisions of law. Accordingly, because the government is not seeking to detain the defendant pending appeal beyond his release from custody on this Court's sentence, the defendant's motion for release from custody should be denied as moot.

The defendant's further renewed motion for discovery and an evidentiary hearing should also be denied. The defendant says he

needs this discovery in aid of an issue on appeal.  Ordinarily, however, "the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" United States v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998), citing United States v. Mala, 7 F.3d 1058, 1061 (1st Cir. 1993).  While, in his other motion, the defendant cites United States v. D'Amario, 412 F.3d 253, 255 (1st Cir. 2005), for the proposition that an appeal does not divest the district court of jurisdiction over such matters as supervised release, the defendant nowhere cites authority suggesting that a district court retains jurisdiction to order discovery and conduct a hearing with the purported end of enabling a party "to properly pursue the appeal."  Nor does the defendant cite authority establishing his entitlement to the discovery sought even if the notice of appeal had not been filed and this Court still had jurisdiction.  Accordingly, this Court should deny outright the defendant's further motion for discovery and an evidentiary hearing.

                                   Respectfully submitted,

                                   MICHAEL J. SULLIVAN
                                   United States Attorney

By:

                                   /s/Robert E. Richardson
                                   ROBERT E. RICHARDSON
                                   Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

    I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 22, 2007.

                                            /s/Robert E. Richardson
                                            ROBERT E. RICHARDSON